UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZION COVENANT MINISTRIES, INC., *et al.*, | § | |
| | § | |
| *Plaintiff*s, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-299 |
| | § | |
| DANIEL M. RENAUD, USCIS *Director,* | § | |
| *Vermont Service Center*, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the court is defendants' motion to dismiss. Dkt. 22. After a review of the motion, the response, and the applicable law, the court finds that the motion be GRANTED.

### BACKGROUND

This dispute arises from the United States Citizenship and Immigration Services' ("USCIS") denial of a visa petition made by plaintiff Zion Covenant Ministries ("Zion") for a Form I-129 Visa for a Nonimmigrant Worker, commonly known as an "H-1B" Visa, for plaintiff Bridget Anne Israel a/k/a Bridget Anne Fominyam. The petition was denied by USCIS on January 12, 2011, and again on May 27, 2011, after a successful request by Zion to reopen and reconsider. Zion appealed the latter denial to the USCIS Administrative Appeals Office ("AAO") on June 27, 2011, and that appeal is presently pending. Defendants assert, and plaintiffs do not contest, that the AAO has jurisdiction to review the entire matter *de novo*, and that the appeal may address issues not raised in the initial decision. See, e.g., *Soltane v. U. S. Dept. of Justice*, 381 F.3d 143, 145-146 (3d Cir. 2004).

This lawsuit was filed on January 23, 2011, shortly after the initial denial of the petition by USCIS. Dkt. 1. Plaintiffs seek a declaratory judgment that USCIS's action violates the Immigration

and Naturalization Act ("INA") and the Administrative Procedures Act ("APA"). This is, in effect, an appeal from the USCIS decision denying the petition for an H-1B visa. The case was stayed by agreement of the parties from March 25, 2011, when the USCIS granted reconsideration, until June 8, 2011, when plaintiffs filed an amended complaint. Dkts. 9, 10. Plaintiffs filed a second amended complaint on June 23, 2011. Dkt. 16. Defendants have moved to dismiss on several bases, including that plaintiffs' claims are not ripe as there has been no final agency action, and that there will be on final action until the currently pending appeal to the AAO is decided. Dkt. 22. Plaintiffs responded to the motion to dismiss, but did not address the ripeness argument made by defendants. Dkt. 27.

## ANALYSIS

The Administrative Procedure Act (APA) provides for judicial review of a "final agency action." 5 U.S.C. § 704. An agency action is deemed "final" for purposes of the APA where the action represents the "consummation of the agency's decision making process." *Bennett v. Spear*, 520 U.S. 154, 178, 117 S.Ct. 1154 (1997). The finality requirement has several salutary goals, including permitting an agency to apply its expertise and to correct its mistakes, and also preventing courts from engaging in "piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary." *FTC v. Standard Oil Co.*, 449 U.S. 232, 242, 101 S.Ct. 488 (1980).

The AAO has not issued its decision which, when issued, will be the "consummation" of the decision making process with respect to plaintiffs' petition for an H-1B visa. Indeed, it is possible that the AAO's decision may make the instant lawsuit entirely unnecessary. And, even if plaintiffs are aggrieved by the AAO's ultimate decision, that decision may be based on different evidence and/or considerations than the earlier agency denials. Thus, a ruling by this court on the prior denials

would potentially interfere with the agency's appeal process, and may potentially result in an inconsistent or an entirely irrelevant ruling by this court. For all of these reasons, the court finds that there is no final decision by the USCIS and, accordingly, that plaintiffs' claims are not ripe.

## CONCLUSION

The claims raised by plaintiffs in this action are not ripe because there is, at this point, no "final" agency decision denying plaintiffs' application for an H1-B visa. Defendants' motion to dismiss (Dkt. 22) is, therefore, GRANTED without prejudice to plaintiffs again filing suit after a final agency decision has issued.

Signed at Houston, Texas on October 26, 2011.

_____
Gray H. Miller
United States District Judge